EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gerardo García Ramis<br><br>Apelante<br><br>vs.<br><br>Jorge Juan Serrallés Porrata-Doria y otros<br><br>Apelados | Certiorari<br><br>2007 TSPR 96<br><br>171 DPR \_\_\_\_ |

Número del Caso: AC-2006-72

Fecha: 22 de mayo de 2007

Tribunal de Apelaciones:

        Región Judicial de Bayamón Panel VIII

Juez Ponente:

        Hon. Guillermo Arbona Lago

Abogado de la Parte Apelante:

        Lcdo. Romano A. Zampierollo Rheinfeldt

Abogado de la Parte Apelada:

        Lcdo. Carlos E. Rosado Muñoz

Materia: Cartas Testamentarias

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gerardo García Ramis

    Apelante

        vs.                        AC-2006-72       APELACIÓN

Jorge Juan Serrallés
Porrata-Doria y otros

    Apelados


PER CURIAM

San Juan, Puerto Rico, a 22 de mayo de 2007


    Gerardo García Ramis fue designado como albacea en el testamento otorgado por Jorge Serrallés Porrata-Doria. Tras la muerte de este último, García Ramis acudió en septiembre de 2004 ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, solicitando la expedición de cartas testamentarias que acreditasen su autoridad como albacea testamentario. Luego de los trámites de rigor, el tribunal expidió las referidas cartas a favor de García Ramis.

    Posteriormente, éste solicitó una prórroga para cumplir con sus encomiendas como albacea, la cual fue concedida. Días después de la concesión de la referida prórroga, los hermanos Juan

Serrallés Ramis y Jorge Serrallés Ramis, <u>herederos del difunto Serrallés Porrata-Doria</u>, comparecieron ante el tribunal de instancia solicitando la destitución de García Ramis como albacea y la concesión de daños por alegadas actuaciones ilegales de éste.

Luego de varios trámites, incluyendo la celebración de una vista, el tribunal de instancia emitió <u>resolución</u> el 23 de febrero de 2006 mediante la cual declaró no ha lugar la solicitud de destitución de albacea presentada por los Serrallés Ramis. Éstos solicitaron la reconsideración de dicho dictamen, la que fue declarada no ha lugar mediante orden notificada el 31 de mayo de 2006.

El 12 de julio de 2006, esto es, doce (12) días después de vencido el término para recurrir ante el Tribunal de Apelaciones del dictamen del tribunal de instancia, los hermanos Serrallés Ramis acudieron ante el tribunal apelativo intermedio mediante recurso de apelación y solicitaron la revisión del mismo, <u>sin exponer en su recurso las razones para justificar la dilación en la presentación del mismo</u>.

Luego de varios trámites, el Tribunal de Apelaciones <u>acogió</u> el recurso de apelación de los Serrallés Ramis como uno de *certiorari*, <u>a pesar de reconocer que el mismo se había presentado fuera de término</u>. El tribunal apelativo intermedio trató de justificar su jurisdicción bajo dos fundamentos: 1) que el recurso de los Serrallés Ramis había sido presentado pocos días después de vencido el

término de estricto cumplimiento correspondiente al recurso de *certiorari*; y 2) que la determinación del tribunal de instancia lo que hacía era perpetuar una situación que no procedía en derecho. Expedido el recurso, el foro apelativo intermedio revocó la resolución recurrida y dio por concluida las funciones de albacea del peticionario.

Insatisfecho, García Ramis acudió --mediante recurso de "apelación"-- ante este Tribunal, alegando que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que dicho foro incidió:

> ... al acoger el recurso radicado luego de haber expirado el término de cumplimiento estricto de treinta (30) días, sin que los apelados solicitaran prórroga para su radicación tardía ni justificaran la tardanza en el escrito sometido.

Acogido el recurso radicado como uno de *certiorari*, el 8 de diciembre de 2006 le concedimos a la parte recurrida el término de treinta (30) días para mostrar causa por la cual este Tribunal no debía expedir el auto y dictar Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones. Habiendo comparecido dicha parte, y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

Corresponde resolver si el Tribunal de Apelaciones actuó correctamente al expedir el recurso presentado ante

su consideración a pesar de que el mismo fue presentado tardíamente y sin que mediara justificación para dicha tardanza.

Reiteradamente, este Tribunal ha expresado que las normas sobre perfeccionamiento de los recursos apelativos deben observarse rigurosamente. Arriaga Rivera v. F.S.E., 145 D.P.R. 122 (1998). La Regla 53.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1, establece que:

> El recurso de *certiorari* para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*. (Énfasis nuestro.)

Existe, naturalmente, una diferencia entre un requisito de cumplimiento estricto y un requisito jurisdiccional. Cuando el término dispuesto para la presentación de un recurso es de cumplimiento estricto, no es mandatoria la desestimación automática cuando éste es presentado fuera de término, sino que el tribunal tiene discreción para permitir un cumplimiento tardío. No obstante, el tribunal apelativo no puede prorrogar un término de cumplimiento estricto automáticamente. Su discreción está limitada a supuestos en los que existe efectivamente una justa causa para la presentación tardía del recurso, y la parte que lo presenta expone

detalladamente las razones para la dilación. Lugo v. Suárez, res. el 19 de septiembre de 2005, 2005 TSPR 136.

Los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto "si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". Rojas Lugo v. Axtmayer Enterprises, 150 D.P.R. 560 (2000). Véase además, Arriaga Rivera v. F.S.E., ante.

En ausencia de justa causa el tribunal no tiene discreción para prorrogar el término y, en consecuencia, expedir el recurso. "[N]o es con vaguedades[,] excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales". Rojas Lugo v. Axtmayer Enterprises, ante.

II

En el presente caso, como hemos señalado, los recurridos presentaron tardíamente un recurso de apelación ante el Tribunal de Apelaciones sin justificar su tardanza. Dicho foro lo acogió como un *certiorari* y lo

expidió. Si bien se trata de un término de cumplimiento estricto, y no de uno jurisdiccional, el tribunal apelativo intermedio no podía considerarlo sin que se le hubiesen acreditado las razones para la dilación en su presentación. Dicha actuación errónea no se justifica bajo el fundamento de que el Tribunal de Primera Instancia había incurrido en un error de derecho.

Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. Martínez v. Jta. de Planificación, 109 D.P.R. 839, 842 (1969). Véase además, Pellot Ferrer v. Avon Mirabella, Inc., res. el 7 de agosto de 2003, 2003 TSPR 131.

III

Por los fundamentos antes expuestos, procede dictar Sentencia revocatoria de la emitida por el Tribunal de Apelaciones en el presente caso, y devolver el mismo al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí expuesto y resuelto.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Gerardo García Ramis

    Apelante

       vs.

Jorge Juan Serrallés
Porrata-Doria y otros

    Apelados

AC-2006-72      APELACIÓN


SENTENCIA

San Juan, Puerto Rico, a 22 de mayo de 2007


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el mismo al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí expuesto y resuelto.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.


                Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo